NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 66

No. 24-AP-009

| | |
|---|---|
| In re Ranney Dairy Farm, LLC Major Subdivision Appeal-Westminster DRB Permit No. 21-70 (Daniel Deitz et al., Appellants) | Supreme Court |
| | On Appeal from Environmental Division |
| | September Term, 2024 |

Thomas G. Walsh, J.

Fletcher D. Proctor of Putney Law Office, Putney, for Appellants.

Samuel H. Angell of Angell Mediation, P.L.C., Brattleboro, for Appellee Rainey Dairy Farm, LLC.

Lawrence G. Slason of Salmon & Nostrand, Bellows Falls, for Appellee Town of Westminster.


PRESENT: Reiber, C.J., Eaton, Cohen and Waples, JJ., and Dooley, J. (Ret.), Specially Assigned

¶ 1. **REIBER, C.J.** Neighbors[1] appeal an order of the Environmental Division affirming a subdivision permit issued by the Westminster Development Review Board (DRB) to applicant Ranney Dairy Farm, LLC. Applicant seeks to subdivide its property to add two residential lots with frontage on Old Codding Road in Westminster. The court granted the permit based on its finding that applicant had made a "threshold showing" that it had the right to use Old Codding Road. We conclude that the Environmental Division erred in requiring only a threshold

---

[1] Appellants are seven neighbors of the proposed subdivision: Daniel Deitz, Steven Goulas, Veronica Goulas, Martha Moscrip, Nancy Pike, Michael Sylvester, and Teresa Sylvester.

showing of a right to use the road and in holding that it lacked jurisdiction to determine the existence of an easement or right-of-way in this context. Accordingly, we reverse and remand to the Environmental Division for a determination of whether applicant has an easement or right-of-way over Old Codding Road.

## I. Background

¶ 2. The following descriptions come from the record and the court's findings. Applicant owns a 161.6-acre property in Westminster, with frontage on Westminster West Road, McKinnon Road, and Old Codding Road. Applicant applied to the Westminster DRB for a subdivision permit in June 2021. The proposal would create two residential lots of 6.8 and 13.5 acres, while reserving the remainder of the land as an agricultural lot. The residential lots would have frontage solely along Old Codding Road, which is a private road that was discontinued in 1893. The closest public road is McKinnon Road, which intersects with Old Codding Road approximately 2000 feet from the boundary of the closer proposed residential lot.

¶ 3. Under the Westminster Zoning Bylaws, "no land development may be permitted on lots that do not have either frontage on a public road or public waters." Town of Westminster Zoning Bylaws § 441(E)(1) (2017) [hereinafter Zoning Bylaws], https://www.westminstervt.org/wp-content/uploads/2018/11/zoningbylaws.pdf [https://perma.cc/E5MC-9VSM]. However, "[w]ith the approval of the DRB, access to such a road or waters can be achieved by a permanent easement or right-of-way." Id. The bylaws also specify that "[t]he Subdivision of land constitutes development . . . and therefore must have the required frontage or secure the approval of the DRB for access by permanent easement or right-of-way." Id. § 441(E)(2). This rule was enacted pursuant to 24 V.S.A. § 4412(3), which allows land development "on lots that do not have frontage either on a public road, class 4 town highway, or public waters" only where "access through a permanent easement or right-of-way has been approved" by a local DRB.

2

¶ 4. Applicant does not have a deeded right-of-way to the road, nor did its predecessors-in-interest. Applicant acquired the property from Harold and Joyce Ranney in 2004, and as part of the purchase, a portion of the land circumscribed by the rest of the lot was subdivided and given to the Ranneys' son, Philip. Philip Ranney was given an easement to access the subdivision through applicant's property, and he did so via Old Codding Road, but his deed similarly contains no right-of-way over the road. The majority of residents who have frontage on the road possess a deeded right-of-way, but the court found that the residents' practice of obtaining a deeded right-of-way only began in the 1980s, when a mortgage lender required one resident to provide proof of such a right. At least one other resident on the road, Jared Rolston, does not have a deeded right-of-way over the road, but still uses it to access his property.

¶ 5. The Westminster DRB held a series of hearings on the application and ultimately granted the permit in January 2022. Neighbors appealed to the Environmental Division, which held a two-day trial in October 2023. As relevant to this appeal, the principal issue during the trial was whether applicant had a right-of-way over the road. Both parties agreed that the road was discontinued in the late 19th century and that applicant's chain of title is traceable to before the discontinuance. However, the parties disputed whether the road was ever formally laid out prior to discontinuance. Applicant provided expert testimony from Joseph DiBernardo, a land surveyor, who testified that Old Codding Road was initially laid out and recorded in the Westminster land records. Because the road was laid out and later discontinued, DiBernardo opined that applicant had a residual common law right-of-way over the road, inherited from its predecessors-in-interest. He further testified that the right-of-way clauses in other residents' deeds were irrelevant because "by operation of law, everybody that used that road for access to their property [at the time of discontinuance] still retains a private right-of-way." On cross-examination, neighbors introduced the 1833 record that purportedly laid out Old Codding Road. As DiBernardo agreed, the record showed only that "a little bit over 400 feet" of road was laid out, and applicant's property does not

3

extend to the portion of the road mentioned in the record. Nevertheless, DiBernardo maintained that applicant had a common law right-of-way over the road following its discontinuance because "[y]ou can't discontinue a road . . . that's not a town road."

¶ 6. The court issued its decision in December 2023, affirming the permit and concluding that applicant had "made the threshold showing required for this court to conclude that the Project has the right to use Old Codding Road for access to the Project." It found the threshold requirement to be met because applicant's predecessors-in-interest had previously used the road, as had two neighbors—Philip Ranney and Jared Rolston—who similarly lacked deeded right-of-way access. The court stated that it was unpersuaded by the deeded right-of-way that other residents possessed because this practice only began in the 1980s. The court otherwise refused to "interpret the laying out of Old Codding Road and the documents associated with this process or its discontinuance" because it determined that its jurisdiction under 4 V.S.A. § 34 permitted it only to consider "threshold showings of private property interests." Neighbors appealed to this Court.

## II. Discussion

¶ 7. Neighbors' primary claim of error on appeal is that the court improperly declined to consider evidence about whether the road was laid out. They argue that this question is within the Environmental Division's jurisdiction and is essential to determining whether applicant has established the necessary right-of-way. They also suggest that by requiring only a threshold showing of access to a public road, the court improperly shifted the burden of proof from the permit applicant to those challenging the permit.

¶ 8. It is the trial court's province as the finder of fact to "determine[] the credibility of witnesses and weigh[] the persuasive effect of evidence," and we will not overturn its factual findings unless "they are clearly erroneous." In re Route 103 Quarry, 2008 VT 88, ¶ 4, 184 Vt. 283, 958 A.2d 694 (quotation omitted). Similarly, we will uphold the court's legal conclusions if they are "reasonably supported by the findings." In re Lathrop Ltd. P'ship I, 2015 VT 49, ¶ 21,

4

199 Vt. 19, 121 A.3d 630 (quotation omitted). However, we review pure questions of law de novo. In re Katzenbach A250 Permit #7R1374-1, 2022 VT 42, ¶ 11, 217 Vt. 155, 287 A.3d 36.

¶ 9. We agree that the court erred in concluding that it lacked jurisdiction to determine the existence of an easement or evaluate evidence of whether the road was laid out. As relevant here, the Legislature has granted the Environmental Division jurisdiction over (1) appeals of zoning decisions under 10 V.S.A. chapter 220; and (2) matters arising under the Vermont Planning and Development Act, 24 V.S.A. chapter 117. See 4 V.S.A. § 34(1)-(2). Appeals of zoning matters are authorized exclusively in the Environmental Division. See Gould v. Town of Monkton, 2016 VT 84, ¶ 10, 202 Vt. 535, 150 A.3d 1084. At issue here is a provision of the Vermont Planning and Development Act—and a municipal bylaw enacted pursuant to that provision—that permits "[l]and development" only with frontage on a public road or with "access through a permanent easement or right-of-way." 24 V.S.A. § 4412(3); see Zoning Bylaws § 441(E)(1). As discussed above, subdivision of property qualifies as "land development" under the Westminster Zoning Bylaws and therefore requires compliance with § 4412(3). See Zoning Bylaws § 441(E)(2). To issue a subdivision permit, a reviewing court necessarily must decide whether the applicant has frontage on a public road or, alternatively, possesses a permanent easement or right-of-way. While these are questions of private-property rights, that is what the statute and the bylaws require. Because these questions arise directly under 24 V.S.A. chapter 117 and related appeals arise under 10 V.S.A. chapter 220, this matter is squarely within the Environmental Division's jurisdiction. See 4 V.S.A. § 34(1)-(2).

¶ 10. Our precedents do not foreclose the Environmental Division from deciding questions of private property rights where directly required by statute and bylaw. We recently recognized that "[w]hether the requirements for an easement are satisfied is the type of private-property dispute that the Environmental Division lacks jurisdiction to resolve." In re DJK, LLC WW & WS Permit, 2024 VT 34, ¶ 26, __ Vt. __, __ A.3d __. However, DJK is distinguishable

5

because the statute that created the Environmental Division's jurisdiction in that case did not directly require an evaluation of the existence of an easement; rather, the existence of an easement was raised in the context of a neighbor's takings claim that was auxiliary to the wastewater-permit decision on appeal. Here, the existence of an easement is the very question that the Environmental Division is required to decide in determining whether to grant the permit. Where a proposed project is not located on a public road, § 4412 and the Westminster Zoning Bylaws require a determination of whether the applicant has "a permanent easement or right-of-way" that provides access to a public road. As discussed above, § 4412 is in chapter 117 of Title 24 and is thus within the Environmental Division's jurisdiction. See 4 V.S.A. § 34(2). Moreover, appeals of DRB decisions are solely authorized in the Environmental Division and provide a separate basis for jurisdiction. See 24 V.S.A. § 4471(a); 4 V.S.A. § 34(1). Because such appeals require a determination of the existence of an easement or right-of-way, it would be contrary to the plain statutory language to conclude that the Environmental Division lacks jurisdiction over this question. We therefore hold that the Environmental Division has jurisdiction to determine the existence of an easement in this context, notwithstanding any suggestions to the contrary in DJK or prior cases.[2]

¶ 11. We also agree with neighbors that the court erred in requiring only a "threshold showing" of a "right to use" the road, rather than determining whether applicant had met the requirements in the bylaws for a subdivision permit. By limiting its inquiry in this way, the court

_____

[2] Aside from DJK, our prior decisions have been more circumspect in articulating limits on the Environmental Division's jurisdiction to consider private property rights. In In re Woodstock Community Trust and Housing Vermont PRD, we recognized that "[t]he parties agree that the Environmental Division does not have jurisdiction to determine private property rights," but we made no such holding. 2012 VT 87, ¶ 40, 192 Vt. 474, 60 A.3d 686. And in Nordlund v. Van Nostrand, while we concluded that the Environmental Division lacked jurisdiction to decide a purely private property dispute, we did so because "there [was] no violation of an existing zoning decision" and therefore no jurisdiction under 24 V.S.A. § 4470(b). 2011 VT 79, ¶ 17, 190 Vt. 188, 27 A.3d 340. Thus, neither case set out a general rule that the Environmental Division can never decide matters of private property rights.

effectively shifted the burden of proof away from the permit applicant to those challenging the permit. This decision was exacerbated by the court's jurisdictional conclusions, leaving neighbors with no realistic opportunity to contest the permit. Once applicant provided a threshold showing of a right to use the road, the court refused to consider the proffered evidence regarding the laying out of the road. Neighbors were thus left with no ability to introduce evidence to rebut the court's finding of a threshold showing, converting the "threshold showing" into a conclusive determination.

¶ 12. Nowhere in the statutory scheme or the town's bylaws is such a burden shifting authorized. Instead, as we have repeatedly recognized elsewhere, it is the applicant for a zoning permit that has the burden of proof with respect to the essential elements of the permit. See In re Mutschler, 2006 VT 43, ¶ 9, 180 Vt. 501, 904 A.2d 1067 ("The permit applicant bears the burden of providing evidence to support a finding with respect to each of the five criteria."); In re Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 18, 195 Vt. 586, 93 A.3d 82 ("As the party seeking to reverse the City's denial of his permit application, applicant had the burden of proving that his application actually complied with the ordinance."). And in determining whether a road was laid out, the burden of proof is on "the proponent of the road" to "present evidence that the town recognized or approved the road as a public highway." Daiello v. Town of Vernon, 2022 VT 32, ¶ 53, 217 Vt. 1, 282 A.3d 894. Moreover, on appeal from a DRB decision, the Environmental Division is required to hold a "trial de novo," deciding "all questions of law or fact as to which review is available." V.R.E.C.P. 5(g). Under 24 V.S.A. § 4412(3) and the Westminster Zoning Bylaws, one such question of law or fact is the existence of a "permanent easement or right-of-way" providing access to a public road. Requiring only a threshold showing with respect to this element

of the permit was thus inconsistent with the statutory scheme, the Environmental Rules, and our precedents.[3]

¶ 13. Finally, we note that the court's errors were not harmless because the evidence of whether the road was properly laid out is necessary to a determination of whether applicant has the required easement or right-of-way, and this determination has yet to be made. A "threshold showing" is not such a determination. We have recognized that "when a public road is opened adjacent to private property, the owner of the abutting property obtains a right to access the public road by operation of law, and when a public road is discontinued or abandoned, the abutting landowner retains the private right of access." Okemo Mountain, Inc. v. Town of Ludlow, 171 Vt. 201, 207, 762 A.2d 1219, 1225 (2000) (citation omitted). Such a right of access "runs with the land through the chain of title." Daiello, 2022 VT 32, ¶ 72. Thus, applicant's claim is based on the chain of title running since the road was discontinued in 1893. As applicant points out, neighbors have stipulated to the fact that applicant's legal title to its land goes back to prior to 1893 when the road was discontinued. However, the 1893 discontinuance only created a private right of access if the road was in fact a public road at that time. See Okemo, 171 Vt. at 207, 762 A.2d at 1225 ("The right of access has two requirements: (1) the person claiming the right must own land that abuts the road, and (2) the road must be a public road." (emphasis omitted)). Thus, to determine whether applicant had a residual right-of-way, the court necessarily had to determine

---

[3] The Environmental Division cited to its decision in In re Leiter Subdivision Permit, No. 85-4-07 Vtec (Vt. Env't Ct. Jan. 2, 2008.) [https://perma.cc/W5LL-Z6VD], to support its conclusion that a threshold showing was the only requirement here. Leiter, in turn, cites to numerous Environmental Division decisions recognizing that applicants have only a "threshold burden" to show "some evidence of title or an interest in the property to be developed." Id. at 4. This interpretation of the statute was intended to maintain the "delicate balance between the evaluation of this initial threshold burden and the court's jurisdictional limitations." Id. However, where, as here, a question of private property rights is statutorily assigned to the Environmental Division's jurisdiction, the court's jurisdictional limitations are not implicated, and the court is required to make complete determinations as to the statutory elements. We otherwise express no view as to the continued validity of this line of Environmental Division cases.

8

whether the road was laid out as a public road prior to 1893. Alternatively, applicant could seek to prove the existence of an easement or right-of-way through other means.

¶ 14. For the reasons discussed above, we reverse and remand to the Environmental Division for a determination of whether applicant has established the existence of an easement or right-of-way over Old Codding Road.[4] On remand, the Environmental Division has jurisdiction to inquire into whether the road was ever laid out, and applicant bears the burden of establishing that it possesses an easement or right-of-way.

Reversed and remanded.

FOR THE COURT:

_____
Chief Justice

---

[4] Because we reverse on the question of the Environmental Division's jurisdiction, we do not reach neighbors' alternative arguments that applicant failed to make a threshold showing and that the Town of Westminster improperly participated in the proceedings.