VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00001



| Old Quarry Road Appeal |
|---|

## ENTRY REGARDING MOTION

Motion: Motion to Dismiss

Filer: Christian Chorba, Attorney for Interested Parties Tom McCarthy and Marie MacLeod

Filed Date: December 3, 2024

No response filed.

……………………………………………………………………………………………………………

Motion: Motion to Withdraw

Filer:  Attorney Christian Chorba

File Date: December 3, 2024

No response filed.

**The motion to dismiss is GRANTED; the motion to withdraw is MOOT.**

This is an appeal by Lisa Loomis and Christopher DelBrocco (Appellants) from a December 11, 2023 decision of the Town of Fayston Development Review Board (DRB) granting, in part, and denying, in whole or part, their various appeals from certain decisions of the Fayston Zoning Administrator related to real property owned by Thomas McCarthy and Marie Macleod (Landowners), located at 136 Old Quarry Road (the Property).

Specifically, there are three items presently on appeal.[1]  The first is an informal notice of violation (the informal NOV) issued by the Fayston Zoning Administrator concerning various alleged zoning violations on the Property.  Second, Appellants appealed a certificate of occupancy (CO 3827) which was issued to confirm that the structures authorized by Permit 3704 were constructed in conformance with Permit 3704, the project plans, and applicable local and State regulations.[2]  Lastly, Appellants appealed Permit 3830, which was an after-the-fact permit for the construction of a

---

[1] The three above-referenced items correspond to the following application numbers assigned by the Town of Fayston:  Application #3832 is the appeal of CO 3827; Application #3833 is the appeal of Permit 3830; and Application #3834 is the appeal of the informal NOV.

[2] Permit 3704, issued November 23, 2021, authorized three tent platforms and a temporary covered structure off the side of the shed/storage container for storing wood and a snowblower.  The parties dispute whether the so called "Original Platform" was within the scope of or otherwise authorized by Permit 3704.  This permit was never appealed, however, and cannot be challenged at this time. 24 V.S.A. § 4472.  It is only relevant to this appeal by way of CO 3827.

shed/storage container on the Property. Both CO 3827 and Permit 3830 were issued to cure the alleged violations at issue in the informal NOV.

Presently before the Court is Landowners' motion to dismiss this appeal. In their motion, Landowners stipulate to abandon CO 3827 and Permit 3830. They agree that by abandoning CO 3827 and Permit 3830 those approvals shall be rendered null and void, such that any aspect of the appeal related to those approvals is moot. Additionally, Landowners have represented to the Court that they have completed removal of nearly all the structures and items alleged to be on the Property and that only the so-called "Original Platform" and a small wooden platform (totaling 44 square feet in area) remain.[3]

In response, Appellants oppose the dismissal of this action by arguing that there are issues that remain to be resolved. Specifically, they request that the Court determine whether the "Original Platform" has been substantially improved such that it is subject to local zoning, and whether the Property should be classified as a campground or outdoor recreational facility. Lastly, Appellants ask the Court to classify the status of Old Quarry Road and to determine the appropriate setback distances based on a sketch plan attached to Permit 3704. As explained below, these arguments present jurisdictional issues that the Court cannot resolve in the context of this appeal.

Given the changed factual circumstances, the Court concludes that dismissal is warranted on mootness and/or jurisdictional grounds. Taken together, the facts giving rise to this appeal either no longer exist, such that there is nothing left for this Court to adjudicate, or the facts have changed so substantially that any adjudication by the Court at this time would, in effect, result in a ruling on a hypothetical factual situation that is no longer part of the case before us. In the latter instance, such a ruling would constitute an advisory opinion that this Court lacks constitutional authority to render. Baker v. Town of Goshen, 169 Vt. 145, 151–52 (1999); In re Snowstone LLC Stormwater Discharge Authorization, 2021 VT 36, ¶ 28 ("Courts are not authorized to issue advisory opinions because they exceed the constitutional mandate to decide only actual cases and controversies").

Further, to the extent that Appellants seek to maintain this appeal, the Court is unable to do so absent a live case or controversy. See Hunters Anglers and Trappers Assn. of Vermont, Inc. v. Winooski Valley Park Dist., 2006 VT 82, ¶ 15, 181 Vt. 12 (explaining the mootness doctrine in the context of a landowner voluntarily changing their use of the land). Because Landowners seek to nullify CO 3827 and Permit 3830, the appeal of those decisions is necessarily **MOOT**. See In re Lakeview Inn Conditional Use Permit, No. (explaining that this Court cannot force an applicant to proceed with a project that they seek to abandon). While Appellants still seek several rulings from the Court, specifically regarding the Original Platform, the proper use classification of the Property, and the status of Old Quarry Road, any determination regarding the Original Platform and/or the proper use classification of the Property should be made by the Fayston Zoning Administrator in the first instance, particularly given the consented-to voiding of CO 3827 and Permit 3830 and substantial changes in the use of the Property and the structures located thereon.[4] Moreover, since the Appellants

---

[3] Landowners state that the small wooden platform is "situated on the ground next to the Original Platform, where it functions as a step." This platform does not appear to be one of the tent platforms authorized by Permit 3704.

[4] The issuance of zoning permits, the determination of how a proposed use of land should be classified under the applicable bylaws and the enforcement of such bylaws, if warranted, are all matters that the Legislature has charged the Administrative Officer with undertaking in the first instance, with any appeal taken to the DRB/ZBA, and then to this Court. 24 V.S.A. §§ 4449, 4451, 4452, 4465, 4471. In evaluating whether CO 3827 was properly issued, the DRB determined, apparently for the first time, that the Original Platform was exempt from enforcement under 24 V.S.A. §

confirmed at hearing that there is no dispute regarding legal access to the Property, any dispute as to the scope and extent of Old Quarry Road is a private property dispute that is outside this Court's jurisdiction. In re Ranney Dairy Farm, LLC, 2024 VT 66, ¶ 12 n. 3.

Accordingly, Landowners' motion to dismiss is **GRANTED**. Landowners' motion to withdraw from this appeal is **MOOT**. Certificate of Occupancy 3827 and Permit 3830 are hereby **VOIDED**. In voiding these permits, it becomes the Town's responsibility to consider, in the first instance, whether there exist any new or remaining violations on the Property and/or how to characterize the use of the property given the changed facts and circumstances.

Electronically signed on January 7, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

4454(a). Appellants seek to challenge the DRB's determination, arguing that substantial changes to the Original Platform require it to obtain a zoning permit and meet applicable setbacks. As alluded to above, however, the issue of the Original Platform's legal status is only relevant in the context of evaluating whether CO 3827 was properly issued. Landowners have agreed to void that CO. Therefore, given the facts of this case, the Court concludes that any decision regarding whether and how alleged changes to the Original Platform might have impacted its legal (exempt) status should, as an initial matter, be made by the Zoning Administrator, who is statutorily charged with enforcing the Town's zoning bylaws.