VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 24-ENV-00100



| 172 North Willard St. Zoning Permit Appeal | DECISION ON MOTIONS |
|---|---|

This is an appeal of two administrative decisions by the City of Burlington Code Compliance Officer declining to take enforcement action relating to two sheds and a fence on the property located at 172 North Willard Street, Burlington, Vermont (the Property). Those decisions were appealed to the Burlington Development Review Board (DRB) which denied the appeal.[1] Neighboring landowner, Luke Purvis (Appellant) appealed the DRB's decision to this Court on October 31, 2024. Landowners Melanie Jannery and Margaret Tamulonis (Appellees) now move to dismiss this appeal for insufficient process and insufficient service of process, and for failure to timely file a Statement of Questions.[2] The City of Burlington filed a short memorandum generally supporting the Appellees' motions. Appellant has opposed the motions.

Appellees' first motion is made pursuant to V.R.C.P. 12(b)(4) (insufficient process) and 12(b)(5) (insufficiency of service of process). The motion cites to several additional provisions within Rule 5 of the Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.).

The service requirements for municipal appeals to the Environmental Division are described in V.R.E.C.P. 5(b)(4)(A). The rule requires that:

> Upon the filing of a notice of appeal from an act or decision of an appropriate municipal panel, the appellant shall at the same time mail

---

[1] In a decision dated October 2, 2024, the DRB dismissed Appellant's two appeals (CPLT-24-103 and CPLT-24-104) on the grounds that the disputed items had been issued zoning permits (ZP-23-533 and ZP-23-560) and closed out with certificates of occupancy which were never appealed. The DRB declined to consider a third appeal (CPLT-24-68) regarding a shed allegedly installed over the property boundary because a final decision for that matter was previously issued on July 18, 2024, and was never appealed.

[2] Since these first two motions were filed, several additional motions, supplemental replies, and accompanying exhibits have since been filed with the Court. These include two requests by the Appellant for a site visit, as well as a Motion to Clarify/Dismiss Statement of Questions and a Motion to Strike Second Statement of Questions filed by the Appellees.

a copy of the notice of appeal to the clerk or other appropriate officer of the panel. Upon receipt of the copy of the notice of appeal, the clerk or other officer shall, within 7 days, provide to the appellant a list of interested persons, with instructions to serve a copy of the notice upon each of them by certified mail. A copy of the notice shall thereupon be served by the appellant by certified mail upon each interested person.

Rule 5 provides that the "[f]ailure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal." V.R.E.C.P. 5(b)(1). Moreover, the Vermont Supreme Court has explained that "[a]n error in compliance with [appellate rules] will affect the validity of an appeal only if it is prejudicial to another party." In re Shantee Point, Inc., 174 Vt. 248, 259 (2002). However, this Court, like the Vermont Supreme Court under V.R.A.P. 3(b)(1)(D), has discretion to take "appropriate" action for non-compliance with its rules, "which may include dismissal of the appeal." V.R.E.C.P. 5(b)(1) (last sentence).

Here, Appellees seek the ultimate outcome— dismissal of this appeal. While Appellees may be correct that process and/or service of process were insufficient, they have not alleged any prejudice resulting from these particular deficiencies. In fact, Appellees filed their own notices of appearance in this matter the same day that Appellant filed his notice of appeal. Their motion to dismiss demonstrates that they are fully aware of the decision being appealed, and the exhibits to the motion show that they received notice of this action by first class mail. For these reasons, we decline to dismiss this case under V.R.C.P. 12(b)(4) and 12(b)(5).

Next, we address Appellant's failure to timely file a Statement of Questions. While the filing of the Statement of Questions is also non-jurisdictional, this Court similarly has discretion to take appropriate action, including dismissal of the appeal pursuant to V.R.E.C.P. 5(b)(1). Under the Vermont Rules of Civil Procedure, the Court may extend the time for an action: "with or without motion or notice if the court acts, or if a request is made before the original time or its extension expires; or on motion made after the time has expired if the party failed to act because of excusable neglect. V.R.C.P. 6(b)(1) (made applicable to this proceeding pursuant to V.R.E.C.P. 5(a)(2)). This rule confers discretion on the Court to extend time for an action, but expressly contemplates situations where the late-filing party files a motion to demonstrate excusable neglect. V.R.C.P. 6(b)(1)(B).

Here, Appellant filed his First Statement of Questions on January 6, 2025, which is 46 days after he was supposed to file his Questions as required by V.R.E.C.P. 5(f). Appellant's late filing was not accompanied by a motion to extend time. In his Opposition to Appellees' Motion to

Clarify/Dismiss Statement of Questions, filed February 4, 2025, Appellant argues that he was initially proceeding pro se, and that he promptly filed his Statement of Questions after hiring legal counsel. This argument is unavailing. While the Court is careful to ensure that pro se litigants are not taken advantage of by strict application of the rules of procedure, we will enforce the Civil Rules, as well as the rules of this Court, equitably, even against a pro se litigant. In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 22, 188 Vt. 262 (citations omitted). Here, Appellees, who are also pro se, are not taking advantage of Appellant's previously self-represented status.[3] They merely seek to enforce this Court's rules equitably and fairly.

Even if the late Statement of Questions were timely or accompanied by a motion to extend time, the Questions present jurisdictional issues and reflect a misunderstanding of this Court's de novo review. This Court has "an independent obligation to determine whether subject matter jurisdiction exists." In re Charron 13-Lot PUD Preliminary Plat, No. 24-3-19 Vtec, slip op. at 1 n.1 (Vt. Super. Ct. Envtl. Div. June 7, 2019) (Durkin, J.) (quoting Argbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)); V.R.C.P. 12(h)(3). As such, this Court may sua sponte dismiss Questions under V.R.C.P. 12(b)(1) for lack of subject matter jurisdiction. See In re Town Highway 26, Town of Underhill, No. 2014-386, 2015 WL 2383677, at 2 (Vt. May 14, 2015) (unpublished mem.); see also Gould v. Town of Monkton, 2016 VT 84, ¶ 6, 202 Vt. 535.

Appellant's Statement of Questions, filed on January 6, 2025, raises the following six Questions:

> (1) Given that issues of property rights and ownership including deed construction, property line determinations, easement locations and usages are the bases for the disputes under appeal, is it incumbent on this Court to act in accordance with the holdings and dicta contained in *In re Ranney Dairy Farm*, 2024 VT 66 ("…neither case set out a general rule that the Environmental Division can never decide matters of private property rights.") as it relates to this Court's subject matter jurisdiction?
>
> (2) Did the actions of the City of Burlington and the Design Review Board ("DRB") in applying the City's ordinances deprive Appellant of his private property interests without just compensation and due process?

---

[3] Appellees point out, and the Court is aware of, Appellant's previous instances appearing before the Environmental Division. Appellant argues that his previous experience is not relevant to the present matter. We disagree. To the extent that Appellant has participated in previous cases, the Court finds this relevant to his understanding of this Court's rules and expectations. Furthermore, Appellant is now represented by counsel and has still not complied with basic procedural rules, including V.R.C.P. 6(b) and V.R.E.C.P. 5(f)

(3) Did the DRB err in determining that a fence installed by Appellees was in accordance with the underlying site plan?

(4) Did the DRB err in determining that Appellees' sheds were properly installed in the setback?

(5) Did the DRB err in failing to require remediation of Appellees' errors in their approved site plan as requested by Appellant?

(6) Did the City of Burlington's staff err by failing to apply CDO 2.7.8, notwithstanding a preliminary decision that there existed a zoning violation at Appellees' property?

Appellant's Statement of Questions, filed January 6, 2025.

Appellant's Question 1 seeks an impermissible advisory opinion by asking for this Court's interpretation of Vermont Supreme Court caselaw. See In re Snowstone Stormwater Discharge Authorization, 2021 VT 36, ¶ 28, 214 Vt. 587 ("Courts are not allowed to issue advisory opinions because they exceed the constitutional mandate to decide only actual cases and controversies."). Question 1 merely asks the Court to interpret the Vermont Supreme Court's ruling in In re Ranney Dairy Farm, 2024 VT 66. This Court's job is to apply the law as it exists, including binding decisions of the Vermont Supreme Court. To the extent that there are underlying factual disputes or legal issues in this appeal that may be guided by Ranney Dairy, we leave it to the parties to brief those issues as they may arise. Question 1 as written, however, seeks an impermissible advisory opinion from the Court. Accordingly, Question 1 is **DISMISSED**.

The remaining Questions 2–6 misconstrue this Court's standard of review and present a collateral attack on final and binding permit decisions. These Questions also confuse the Burlington Development Review Board with the Design Review Board.

A de novo proceeding before this Court is "one where the case is heard as though no action had been held prior thereto." In re Poole, 136 Vt .242, 245 (1978); see also In re Preseault, 130 Vt. 343, 348 (1972) (noting that a de novo proceeding is one in which "all evidence is heard anew[] and the probative effect thereof determined" as though no decision had been previously rendered) (citation omitted). Because this matter is conducted by a trial de novo, we are not concerned with the actions taken by the Zoning Administrator or Development Review Board. Therefore, Questions 2–6, which all start with "[d]id the DRB err…", are all improperly phrased for this Court's de novo review.

More importantly, Questions 2–6 seek to collaterally attack previously issued permits and certificates of occupancy for the at-issue sheds and fence. Pursuant to 24 V.S.A. §§ 4471 and 4472(a), the "exclusive remedy" for a party seeking to challenge a municipal act or decision, is to file a timely

appeal in this Court. If an appeal is not taken, then the underlying act or decision becomes final and cannot be contested "directly or indirectly" in subsequent proceedings. 24 V.S.A. § 4472(d); see also Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989). A party's failure to timely appeal deprives the Environmental Division of subject-matter jurisdiction over the appeal. In re Mahar Conditional Use Permit, 2018 VT 20, ¶ 12, 206 Vt. 559.

Here, Appellant's Questions all address whether the fence and sheds were properly installed. These items have all received permits which are now final and binding.[4] After the installation of these items, Appellees received Certificates of Occupancy from the Burlington Code Compliance Officer. Even if those COs were issued ultra vires or in error, Appellant's remedy was to appeal those decisions to this Court, which he did not do. See Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 143 (1989) (explaining that even ultra vires actions must be treated as binding under 24 V.S.A. § 4472(d)). Appellant cannot now collaterally attack those decisions. Accordingly, Questions 2–6 are **DISMISSED**.

On January 30, 2025, Appellant submitted a Second Statement of Questions unaccompanied by any motion or explanation to the Court.[5] A Statement of Questions may not be amended unless ordered by the court. In re Atwood Planned Unit Development, 2017 VT 16, ¶ 12, 204 Vt. 301; Reporter's Notes, V.R.E.C.P. 5(f) ("The statement functions like a pleading to limit the issues that are to be heard on appeal and may not be amended unless ordered by the court."). It is also unclear to the Court whether these Questions were intended to replace or supplement the original Questions. Either way, the Second Statement of Questions contains the same foundational errors as the original. These Questions all focus on specific acts by the DRB and Code Compliance Officer, such that they similarly misunderstand this Court's de novo standard of review. Furthermore, these Questions all relate to those items which were issued permits and subsequent certificates of occupancy. Because those permits were never appealed, Appellant may not challenge whether those permits were issued in error. Accordingly, the Second Statement of Questions is **DISMISSED** in its entirety.

In sum, Appellant has failed to timely file his First Statement of Questions and Second Statement of Questions, failed to file any motion to extend time under V.R.C.P. 6(b)(1)(B) (let alone a proper motion to extend time demonstrating excusable neglect for the untimely Questions), and failed to file a motion to amend his First Statement of Questions before filing his Second Statement

---

[4] Those permits are ZP-23-533 and ZP-23-560.

[5] This Second Statement of Questions was filed 24 days after the Original Statement of Questions and 70 days after the deadline for filing the Statement of Questions provided for by Rule 5(f).

of Questions with the Court. Taken together, the Court concludes that these failures provide a basis for discretionary dismissal under V.R.E.C.P. 5(b)(1) and further concludes that such a dismissal is reasonable and appropriate under the circumstances of this case for the reasons discussed above.[6] In addition, and more importantly, this entire case presents a collateral attack on two final and binding permits such that this Court lacks jurisdiction over the appeal. Accordingly, this matter is hereby **DISMISSED**. The remaining motions before the Court are therefore **MOOT**. A Judgment Order accompanies this Decision.

Electronically signed on February 5, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[6] The Court recognizes that it has discretion to order an appellant to clarify or narrow its statement of questions. See In re Atwood Planned Unit Dev., 2017 VT 16, ¶ 14, 204 Vt. 301. Exercising such discretion in this case would not be reasonable and would result in further delays and unnecessary expenditures of resources, particularly given that the issues Appellant seeks to raise are barred by the exclusivity of remedy/finality provisions of 24 V.S.A. § 4472.