Filed 03/06/25

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00016



| Bennington High, LLC Development Agreement Amendment |
| --- |

## ENTRY ORDER

Motion:        Motion to Dismiss

Filer:         Merrill Bent, Attorney for Town of Bennington

Filed Date:    February 27, 2025

Memorandum in Opposition, filed on March 3, 2025, by Michael J. Malone, Attorney for Appellant PLH Vineyard Sky, LLC

Reply to Memo in Opposition, filed on March 4, 2025, by Attorney Merrill Bent.

**The motion is GRANTED.**

This is an appeal of an "Amended and Restated Development Agreement" (Agreement) between the Town of Bennington (Town) and Hale Resources, LLC for the acquisition and redevelopment of the former Bennington High School. The Town Selectboard voted to approve the Agreement and to authorize its signing by the Town Manager at a warned special meeting on January 28, 2025. PLH Vineyard Sky, LLC (Appellant) has appealed this vote by the Selectboard to approve a contract to this Court. In response, the Town has filed a motion to dismiss the appeal for lack of subject matter jurisdiction.

### Discussion

In reviewing a motion to dismiss for lack of subject matter jurisdiction, this Court considers all uncontroverted factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2. Additionally, this Court has "an independent obligation to determine whether subject matter jurisdiction exists." In re Charron 13-Lot PUD Preliminary Plat, No. 24-3-19 Vtec, slip op. at 1 n.1 (Vt. Super. Ct. Envtl. Div. June 7, 2019) (Durkin, J.) (quoting Argbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)); V.R.C.P. 12(h)(3). In that regard, this Court may sua sponte dismiss an appeal under V.R.C.P. 12(b)(1) for lack of subject matter jurisdiction. See In re Town Highway 26, Town of Underhill, No. 2014-386, 2015 WL 2383677, at 2 (Vt. May 14, 2015) (unpublished mem.); see also Gould v. Town of Monkton, 2016

VT 84, ¶ 6, 202 Vt. 535.  Accordingly, the Court need not await responsive filings in considering whether it lacks subject matter jurisdiction over an appeal.[1]

In reviewing the Notice of Appeal and underlying decision, we conclude that this Court clearly lacks subject matter jurisdiction over this appeal.  The Environmental Division is a court of limited jurisdiction, and we are limited to considering only those areas authorized by 4 V.S.A. § 34.  In re DJK, LLC WW & WS Permit, 2024 VT 34, ¶ 25.  Our jurisdiction includes appeals arising under 24 V.S.A. chapter 117.  4 V.S.A. § 34(2).  Chapter 117 provides for appeals to this Court by an interested person who has participated in a municipal regulatory proceeding authorized under Title 24 from a decision rendered in that proceeding by an appropriate municipal panel.  24 V.S.A. § 4471.  Such an appeal is, generally, the exclusive remedy of an interested person from an adverse decision of an appropriate municipal panel with respect to any decision or act taken under Chapter 117 or with respect to the provisions of any plan or bylaw.  24 V.S.A. § 4472(a).  This Court does not have jurisdiction over private property disputes unless they arise out of a specific statutory assignment.  In re Ranney Dairy Farm, LLC Major Subdivision Appeal, 2024 VT 66, n.3.

Appellant argues that the Selectboard was engaged in development review and approval and, therefore, its decision is appealable to this Court.  This argument mischaracterizes the Selectboard's action below and reflects a misunderstanding of the land use permitting process.  At its special meeting on January 28, 2025, the Selectboard voted on a motion to approve a contract and authorized the Town Manager to sign the same.  This is not an act or decision rendered by an appropriate municipal panel in a municipal regulatory proceeding authorized under Chapter 117 of Title 24.  Indeed, Appellant admits that the Bennington Development Review Board (DRB) has not rendered a decision with respect to the redevelopment project.  Rather, the Selectboard's vote to approve the Agreement was a legislative act by the Town Selectboard authorizing the Town to enter into a contract with a private party.

This Court does not have jurisdiction to review contracts, even if the subject matter concerns land development, except in very limited circumstances.  See 24 V.S.A. § 4464(b)(5) (authorizing the

---

[1] The Court initially considered ruling on the Town's motion to dismiss without any response.  However, we ultimately afforded Appellant a very brief period in which to respond to the motion.  The decision to provide expedited review was not, as Appellant asserts, based on the Town's representations of bad faith litigation.  Rather, it was clear to the Court that the Selectboard's decision to enter into a development agreement is not an appealable decision under 24 V.S.A § 4471.  This was clear from the face of the Agreement, which was attached to Appellant's notice of appeal, as well as from the minutes of the Selectboard's January 28, 2025 special meeting, also attached.  In reviewing Appellant's opposition to the motion (with associated exhibits) and First Amended Notice of Appeal (with associated exhibits), the Court is even more convinced that it lacks subject matter jurisdiction over this appeal.  We see no reason to delay the inevitable result that this case be dismissed.

legislative body to enter into an agreement governing any combination of timing, financing and coordination of private and public facilities and improvements in accordance with the terms and conditions of a municipal land use permit, provided the agreement is in compliance with all applicable bylaws in effect) (emphasis added). Despite being entitled "development agreement" the Agreement itself is not a permit authorizing land development to occur, nor is it intended to implement the terms and conditions of such a permit. See 24 V.S.A. §§ 4303(10), (11) (definitions of "Land Development" and "Municipal Land Use Permit"). There is nothing for the Court to affirm, reverse or modify following a trial de novo. V.R.E.C.P. 5(g), (j).

By contrast, the Selectboard is authorized to enter contracts as part of its general supervisory power over the affairs of the Town. 24 V.S.A. § 872. An appropriate municipal panel is not authorized to enter such agreements, but is instead charged with issuing permits for land development. See 24 V.S.A. § 4460(e) (explaining the functions of an appropriate municipal panel). As noted above, under Chapter 117, a municipal legislative body has specific authority to enter into agreements with private developers to facilitate improvements in accordance with the terms and conditions of a municipal land use permit, and this Court may have the ability to review such agreements for compliance with applicable bylaws. That, however, is not the situation presented here. The Selectboard's decision to enter into an Agreement to acquire the property and to allocate responsibility for its redevelopment is not an act or decision by an appropriate municipal panel which can be appealed under 24 V.S.A. § 4471. Accordingly, we lack jurisdiction over the Selectboard's decision to enter into the Agreement.

Because we lack subject matter jurisdiction over the Agreement below, we need not consider the parties' dispute over Appellant's standing.[2]

The appeal is hereby **DISMISSED**. A Judgment Order accompanies this Decision.

Electronically signed on March 6, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[2] Appellant's various filings focus on demonstrating standing rather than the source of this Court's jurisdiction over the Agreement. This dismissal should not be construed as a judgment regarding Appellant's standing nor the merits of its claims regarding the Agreement.