VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-391



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

### JUNE TERM,   2025

| | |
|---|---|
| 32 Intervale, LLC et al.\* v. City of Burlington } | APPEALED FROM: |

} 

APPEALED FROM:

} Superior Court, Chittenden Unit,
} Civil Division
} CASE NO. 23-CV-02886
Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiffs appeal the civil division's decision that it lacked jurisdiction over plaintiffs' claim that their rental properties are a legally permitted preexisting nonconforming use under municipal zoning regulations.  We affirm.

In July 2023, plaintiffs 32 Intervale, LLC, and 180 North, LLC, filed a complaint in the civil division for declaratory judgment against the City of Burlington, which alleged the following facts.  Plaintiffs own buildings in Burlington that were approved for multiple residential rental units.  Plaintiffs rented their units on Airbnb for varying lengths of time.  In 2022, the City passed amendments to its zoning and minimum housing standards ordinances, which created a new category of use called a short-term rental (STR).  The minimum housing standards amendment defined STRs as dwelling units rented to guests for less than thirty consecutive days and for more than fourteen days during any twelve-month period.  Properties that were not the host's primary residence were not permitted to be used as STRs.  The zoning ordinance amendment limited STRs to certain zoning districts and required that such units comply with the revised minimum housing standards ordinance.  The amendments effectively prohibited STRs in non-owner-occupied properties and made plaintiffs' rental units a non-conforming use.  Plaintiffs alleged that the City had threatened enforcement against plaintiffs and other similarly situated owners of STRs.

Plaintiffs sought a declaration that (1) their STRs were a legally permitted preexisting nonconforming use; (2) the City lacked authority under chapter 117 of Title 24 to regulate the duration of building occupancy or the terms of rental use through zoning regulations; and (3) the City lacked authority under chapter 83 of Title 24 to regulate the duration of rentals or require

owner occupancy of STRs under the minimum housing standards ordinance. Plaintiffs subsequently amended their complaint to add ten other plaintiffs, all of whom owned rental properties in Burlington that had been used for STRs.

The City moved to dismiss counts 1 and 2 of plaintiffs' complaint for lack of subject-matter jurisdiction. The City argued that the Environmental Division of the Superior Court had exclusive jurisdiction over matters arising out of chapter 117 of Title 24, which governs municipal planning and regional development, under this Court's decision in Gould v. Town of Monkton, 2016 VT 84, 202 Vt. 535. Plaintiffs opposed the City's motion, arguing that Gould did not apply to their standalone declaratory judgment action and that to hold otherwise would leave them without a remedy because the Environmental Division has held in other cases that it lacks jurisdiction to hear such actions outside of an appeal from a municipal panel. Plaintiffs subsequently moved to amend their complaint a second time to add two new plaintiffs and to strike count 2 because they had become aware of 24 V.S.A. § 2291(29), which expressly authorized the City to regulate STRs.

The civil division allowed plaintiffs to amend their complaint but granted the City's motion to dismiss count 1. The court concluded that it lacked jurisdiction to hear that claim under Gould. The City subsequently moved for summary judgment on plaintiffs' remaining claim that it lacked authority to regulate STRs under the minimum housing standards ordinance. The civil division granted the motion, concluding that the City had broad authority to regulate STRs under 24 V.S.A. § 2291(29). This appeal followed.

Plaintiffs' sole argument on appeal is that the civil division erred in dismissing count 1 of their complaint for lack of jurisdiction. They contend that Gould did not hold that the Environmental Division has exclusive jurisdiction over stand-alone declaratory judgment actions regarding municipal zoning regulations. We disagree.

In Gould, a landowner appealed the civil division's decision that it lacked jurisdiction to hear a declaratory judgment action seeking to invalidate a town's new zoning regulations. The landowner argued that the civil division retained concurrent jurisdiction with the Environmental Division over declaratory judgment actions arising under chapter 117 of Title 24. We rejected this claim, explaining:

> [T]hrough its 2010 reorganization of the superior court, the Legislature not only divested the civil division of exclusive jurisdiction over matters arising under 24 V.S.A. ch. 117 but also granted exclusive jurisdiction to the Environmental Division. When viewed together, the plain language of the statutes governing the jurisdiction of the civil and Environmental Divisions make[s] this clear. First, 4 V.S.A. § 31(1) establishes that the civil division has "original and exclusive jurisdiction of all original civil actions, except as otherwise provided in sections 2, 32, 33, 34, 35, and 1102 of this title." Then, 4 V.S.A. § 34 states an exception to the civil division's general and exclusive jurisdiction. As previously noted, it explicitly details that the "environmental division shall have . . . jurisdiction of matters arising under [24 V.S.A. ch. 117]."

> Finally, 4 V.S.A. § 31(5) clarifies that the civil division has "jurisdiction to hear and dispose of any other matter brought before the Court pursuant to law that is not subject to the jurisdiction of another division." Because 4 V.S.A. § 34 explicitly grants jurisdiction over matters arising under 24 V.S.A. ch. 117 to the Environmental Division, those matters are clearly an exception to the civil division's general jurisdiction under both 4 V.S.A. § 31(1) and 4 V.S.A. § 31(5). The civil division has neither exclusive jurisdiction nor concurrent jurisdiction over matters arising under 24 V.S.A. ch. 117.

Gould, 2016 VT 84, ¶ 10 (alterations in original). We were unpersuaded by the landowner's claim that he would be left without a remedy if he could not pursue his claims in the civil division. Id. ¶¶ 12-13. We noted that the landowner had not appealed the denial of his permit application or brought a declaratory judgment action in the Environmental Division, so his presumptions about what that court would do were speculative. Id. ¶ 13. We concluded that "[b]ecause landowner's claim regarding 24 V.S.A. ch. 117 is a statutory claim—not a constitutional claim—it belongs in the Environmental Division." Id. ¶ 16.

The same is true here. Plaintiffs voluntarily dismissed count 2 of their complaint, so the only claim at issue is count 1, which seeks a declaration that plaintiffs' rental units are legally permitted preexisting nonconforming uses under Burlington's zoning ordinance. This claim falls squarely within the ambit of chapter 117. See, e.g., 24 V.S.A. § 4303(15) (defining nonconforming use); id. § 4412(7) (requiring municipalities to define how nonconforming uses shall be addressed in bylaws). It is therefore a claim over which the Environmental Division has exclusive jurisdiction, and the civil division properly dismissed it on that basis. Gould, 2016 VT 84, ¶ 16.

Plaintiffs protest that they will be left without a remedy if we uphold the civil division's decision because the Environmental Division has repeatedly held that it lacks jurisdiction to consider standalone declaratory judgment actions arising from zoning regulations, and our recent decisions in In re Ranney Dairy Farm, LLC Major Subdivision Appeal-Westminster DRB Permit No. 21-70, 2024 VT 66, and In re DJK, LLC WW & WS Permit, 2024 VT 34, suggest that we would agree with the Environmental Division. The record does not support plaintiffs' claim that they will be left without a remedy. Plaintiffs have not yet sought a permit or determination of non-applicability from the City. Plaintiffs did file a complaint for declaratory judgment on the issue of nonconforming use in the Environmental Division, which the City has moved to dismiss. However, the Environmental Division has not issued a final decision on that motion, so plaintiffs' claims about what the court will do are speculative.

Because the sole issue in this appeal is whether the civil division had jurisdiction over plaintiffs' claim, we decline plaintiffs' invitation to decide here whether the Environmental Division would have jurisdiction. That question is for the Environmental Division to address in the first instance. See Williams v. State, 156 Vt. 42, 59 (1990) ("The judiciary is not empowered to render advisory opinions the sole purpose of which is to aid in the resolution of a dispute that properly belongs in another tribunal."). Our decisions in Ranney Dairy Farm and DJK do not address the question of whether the Environmental Division has jurisdiction to hear a standalone

declaratory judgment action arising from a zoning regulation and have no bearing on this appeal. We therefore affirm the civil division's dismissal of plaintiffs' count 1.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice


Karen R. Carroll, Associate Justice


Nancy J. Waples, Associate Justice