VERMONT SUPERIOR COURT
Environmental Division                                                        Docket No. 22-ENV-00018
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



| Ranney Dairy Farm, LLC Major Subdivision Appeal |
| --- |

## ENTRY REGARDING MOTION

Title:            Motion to Reconsider (Motion: 18)
Filer:           Fletcher D. Proctor, Esq.
Filed Date:   August 15, 2025

Applicant Response to Motion, filed August 29, 2025, by Samuel H. Angell, Esq.

Neighbors' Reply in Support of Motion, filed on September 2, 2025, by Fletcher D. Proctor, Esq.

**The motion is DENIED**.

This is an appeal of a major subdivision permit issued by the Town of Westminster (Town) Development Review Board (DRB) to Ranney Dairy Farm, LLC (Applicant) for a subdivision on land that it owns in Westminster, Vermont.  Neighbors Daniel Deitz, Steven Goulas, Sr., Veronica Goulas, Martha Monscrip, Nancy Pike, Michael Sylvester, and Teresa Sylvester (collectively, Neighbors) appealed that decision to this Court.

On December 8, 2023, this Court issued a Merits Decision that resolved this appeal in favor of Applicant.  In re Ranney Dairy Farm, LLC Major Subdivision Appeal, No. 22-ENV-00018 (Vt. Super. Ct. Envtl. Div. Dec. 8, 2023) (Walsh, J.).  In that decision, the Court concluded that Applicant had demonstrated sufficient access to the proposed subdivision over Old Codding Road as required by 24 V.S.A. § 4412(3) and the Westminster Zoning Bylaws (the Bylaws) by making a "threshold showing" that it had a right to use the road. Id. at 6.  The Court explained that the "threshold showing" analysis was in recognition of the fact that this Court was without jurisdiction to adjudicate private property rights, and such jurisdiction resides in the Civil Division, but could undertake this narrow analysis to demonstrate requisite access under the applicable zoning regulations and laws.  See id. Neighbors appealed that decision to the Vermont Supreme Court.

In an October 24, 2024 Decision, the Vermont Supreme Court concluded that this Court has jurisdiction to determine whether Applicant has a "permanent easement or right-of-way" that provides access to a public road as set forth in § 4412. In re Ranney Dairy Farm, LLC Major Subdivision Appeal, 2024 VT 66, ¶ 10. The Vermont Supreme Court, therefore, reversed and remanded the matter "for a determination of whether applicant has established the existence of an easement or right-of-way over Old Codding Road.[]" Id. at ¶ 14. Presently before the Court are the parties' cross-motions for summary judgment on this issue.

Applicant moved for summary judgment on the issue of access, and Neighbors cross-moved for summary judgment in response. On August 5, 2025, this Court granted in part Applicant's motion for summary judgment, concluding that Applicant owns the first 1,800 feet of Old Codding Road. See In re Ranney Dairy Farm, LLC Major Subdivision Appeal, No. 22-ENV-00018 (Vt. Super. Ct. Envtl. Div. Aug. 5, 2025) (Walsh, J.).

Presently, before the Court is Neighbors' motion to reconsider the August 5, 2025 Decision. Applicant opposes the motion.

**Motion to Reconsider**

While Neighbors' motion does not cite the civil rule under which they file their motion, the Court interprets it as being made pursuant to V.R.C.P. 59(e). The Court has identified four basic grounds for granting Rule 59(e) motion: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in controlling law." In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, 136-8-10 Vtec, slip op. at 10—11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). Motions to reconsider should not be used to "relitigate old matters" or to "raise arguments or present evidence that could have been raised prior to entry of the judgment." Appeal of Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.) (quoting Wright, Miller, & Kane, § 2810.1) (internal footnotes omitted). Therefore, disagreement between the parties or with the Court's decision is not grounds for granting such a motion. In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.).

Neighbors motion argues that reconsideration is warranted to correct manifest errors because the Court's August 5, 2025 Decision was based upon inadmissible evidence and/or the evidence presented was insufficient.

First, Neighbors challenge Exhibit AA which is a trace of the original Town Map that is recorded in the Town land records, and Exhibit Y, a recorded map noted as being the map referred to "in and by the original deed from Josiah Willard, Esquire to Crean Brush and also referred to in and by sundry other deeds executed by the said Josiah Willard." Ex. Y. Neighbors argue that the documents do not meet the requirements of V.R.E. 803(14). Rule 803(14) makes a record affecting an interest in property an exception to the hearsay rule when it is a

> Record of a document purporting to establish or affect an interest in property, as proof of the content of the original recorded document and its execution and delivery by each person by whom it purports to have been executed, if the record is a record of a public office and an applicable statute authorized the recording of documents of that kind in that office.

V.R.E. 803(14).

It is undisputed that these documents are recorded with the Town, with respect to Exhibit AA, and with the State Archives, with respect to Exhibit Y. Both documents are certified by those respective entities. Neighbors do not dispute that they the kind of documents, generally, that are to be recorded therein. The Court fails to see how such documents would not be admissible under the Rule 804(14).[1] Instead, Neighbors' argument appears not related to the admissibility of the documents under the Rules of Evidence but related to those documents' legal import and/or weight. Prior to the Court's August 5 Decision, Neighbors failed to respond to Applicant's supplemental statement of material facts offering these exhibits in support of its motion. Neighbors failed to object to these exhibits when they had the opportunity. Raising arguments in the motion for reconsideration that could have been raised earlier does not present grounds to reconsider a decision. Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Dec. 11, 2006) (Durkin, J.). Thus, Neighbors arguments with respect to these exhibits do not present grounds to reconsider, but instead relitigate a matter that could have, and should have, been litigated earlier.

Neighbors also argue that reconsideration is necessary because some of the maps provided by Applicant in support of the motion and relied upon by the Court lack dimensions, keys, or other internal distances rendering the maps ambiguous. Neighbors offer that some maps are distorted causing reliability concerns. Neighbors previously raised both arguments. See Cross-Motion for Summary Judgment and Opposition at 3 (filed May 7, 2025) (addressing dimensional concerns); see also Response to Statement of Undisputed Material Facts at ¶ 16 (filed May 7, 2025) (addressing

---

[1] The Court does not address any other evidentiary issue that, independently or in connection with another rule, may also present grounds for the admissibility of these documents.

alleged deviations and irregularities). The Court considered these arguments in rendering its August 5 Decision. The Court declines to reconsider the August 5, 2025 Decision on these grounds as the motion seeks to relitigate the issues.

Finally, to the extent that Neighbors seek reconsideration because they argue that there are material facts in dispute that preclude summary judgment, this argument seeks to relitigate the initial motion and does not present new grounds for reconsideration.

For these reasons, Neighbors' motion for reconsideration is **DENIED**.

**A. Remaining Issues**

Concurrent with its issuance of the August 5, 2025 Decision, the Court set this matter for a status conference to discuss whether there were any remaining issues before the Court. This is because the Court was "unclear if this conclusion resolves the present dispute because it is unclear to the Court how this distance of 1,800 feet relates to the proposed lots and the access." Id. at 12. The Court held that status conference on August 18, 2025. Neighbors and Applicant attended through counsel.

At this status conference, and in opposing the above motion to reconsider, Applicant concedes that the 1,800 feet of ownership established by the August 5, 2025 Decision is short of where the proposed lots and access is located along Old Codding Road. Despite this, Applicant argues that it has sufficiently established that it has legal access to the proposed subdivision beyond the 1,800 feet established by the August 5, 2025 Decision. Applicant offers two theories. First, Applicant argues that beyond 1,800 feet it has the same right to use Old Codding Road as other parties, including Appellants because original deeds to the properties in that area describe the boundary line as being the road. Thus, it asserts it has the same right to use the road as Appellants. Alternatively, Applicant offers that if it does not have this right then no one can use the road. Second, Applicant argues that it owns the roadway in this area by virtue of a right of way agreement issued by Applicant's predecessor in interest for the use of the road.

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). At this time, neither party has established that they are entitle to judgment as a matter of law regarding Applicant's access rights over Old Codding Road beyond 1800 feet. This Court during the original days of trial ruled that the Environmental Division is without jurisdiction to consider this issue. The Supreme Court concluded that the Environmental Division has jurisdiction, therefore, a day of trial on this limited issue is now required.

The Court directs that on or before **Friday, September 29, 2025**, the parties file their dates of unavailability for a 1-**day** remote trial in **November, 2025**.

Electronically signed September 15, 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division