Filed 03/06/25

VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



ENVIRONMENTAL DIVISION
Docket No. 24-ENV-00107

| | |
|---|---|
| 1330 Jericho Road ZA Permit Decision | DECISION ON MOTIONS |

In this matter, Chelsye and Trevor Brooks appeal a decision of the Town of Richmond (Town) Development Review Board (DRB) denying their appeal of Zoning Permit 2024-64 issued by the Town Zoning Administrator to Jay McCormack (Applicant) for the construction of a single-family home at property located at 1330 Jericho Road, Richmond, Vermont (the Property). There are two motions before the Court. First, Applicant moves to dismiss and/or clarify portions of the Brooks' Statement of Questions filed on December 24, 2024. The Brooks opposed the motion, though they conditionally withdrew some questions. Second, the Brooks moved to amend their Statement of Questions and filed an Amended Statement of Questions on February 14, 2025. In response, Applicant did not oppose the motion itself but renews his motion to dismiss relative to the amended Questions on the grounds presented in his initial motion to dismiss. Thus, we **GRANT** the Brooks' motion to amend and review the renewed motion to dismiss relative thereto.

### Legal Standard

Applicant's motion is made pursuant to V.R.C.P. 12(b)(1) and 12(b)(6). With respect to motions to dismiss for lack of subject matter jurisdiction, we follow the standards established in V.R.C.P. 12(b)(1), because the Vermont Rules of Civil Procedure govern proceedings in this Division. See V.R.E.C.P. 5(a)(2). When considering V.R.C.P. 12(b)(1) motions to dismiss, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party, here the Brooks. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

With respect to motions to dismiss for failure to state a claim upon which relief can be granted, the Court may not grant such a motion unless it is beyond doubt that there are no facts or circumstances that would entitle the nonmoving party to relief. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (citation omitted). When ruling upon such a motion, we take all well-pleaded factual

1

allegations made by the nonmoving party, here the Brooks, as true and "assume that the movant's contravening assertions are false." Alger v. Dep't of Labor & Industry, 2006 VT 115, ¶ 12, 181 Vt. 309 (citation omitted). There is a "exceedingly low" threshold to survive a 12(b)(6) motion and, "[m]otions to dismiss for failure to state a claim are disfavored and should rarely be granted." Bock v. Gold, 2008 VT 81, ¶ 4, 184 Vt. 575 (mem.).

## Statement of Questions

The Brooks' Amended Statement of Questions presents 14 Questions, some with sub-parts. They are: [1]

> 1. Is permit 2024-67 for this project an amendment to the permit already issued by the administrative officer for the same project [. . .]
>
> 2. Does the proposed development comply with Section 2.5.2, considering the portions of the lot which are non-developable [. . .]
>
> 3. Does the proposed project violate the appellant's deeded right of way and spring access rights by obstructing historical access points and failing to provide a sufficient substitute?
>
> . . .
>
> 4. Does the proposed development comply with the frontage requirement under Section 3.2.3(c), given that the lot has only 55 feet of continuous frontage on a public road?
>
> . . .
>
> 5. Does the proposed development comply with Section 3.2.4(e), specifically regarding: a. Excavation and grading within the 5-foot no-build zone; b. Excavation and installation of a utility trench within the 5-foot no-build zone.
>
> . . .
>
> 6. Does the project violate Section 4.12(g) by causing an undue adverse impact on municipal facilities in the form of untreated stormwater runoff depositing sediment in the town ditch on Jericho Road[.]
>
> . . .
>
> 7. Is the application for the proposed project complete per section 5.2.1(a)?
>
> 8. Do the application, associated documents, and plans presented for the project satisfy section 5.2.1(c), and 5.2.1(c)(v) [. . .]
>
> 9. Are material inaccuracies or misrepresentations present in the zoning application or supporting documents for the proposed development per 5.3.3 (a) [. . .]

---

[1] Due to the length of the Brooks' Questions, the Court has declined to restate portions of Questions that provide additional context to the issues the Brooks seek to have addressed. The omitted portions remain a part of the Questions, and the Court will address them as needed in this motion.

10. Does the public display of a visual rendering of the project which does not match that which was originally presented to and approved by the Administrative Officer constitute a misrepresentation per 5.3.3 (b)? [. . .]

11. Does the proposed development comply with Section 5.3.5.1 and 24 V.S.A. § 4449 (a)(2), if : a. A Certificate of Occupancy was not issued for the first permitted phase of the project prior to the use or occupancy of the land after it was changed and altered in its use.

. . .

12. Does the project propose construction on land with a slope of over 20%; either natural or manmade?

13. Does the erosion plan for the proposed development satisfy the requirements of 6.11 as it does not match other publicly displayed visual renderings of the project per 5.3.3 (b)?

. . .

14. Do actions taken under this project constitute violations that shall be pursued per Section 8.3.1 [. . .]

Amended Statement of Questions (filed on Feb. 14, 2025).

## Discussion

Prior to addressing the specific Questions, the Court must set forth the procedural background giving rise to this appeal. In January 2024, Applicant received from the Zoning Administrator Zoning Permit 2024-02 which authorized Applicant to upgrade a driveway at the Property. See Applicant Ex. 1. Pursuant to 24 V.S.A. § 4465, an appeal of a decision of an administrative office, such as the Zoning Administrator, may be taken by filing a notice of appeal with the DRB within 15 days following the date of the decision or act. No appeal of Zoning Permit 2024-02 was taken.

On June 4, 2024, in response to a request for enforcement from the Brooks, the Zoning Administrator issued a decision declining to pursue an enforcement action against Applicant related to the driveway. As with Zoning Permit 2024-02, that decision was appealable to the DRB within 15 days and the decision states it is appealable within that time frame. No appeal of the June 2024 letter was taken.

On September 10, 2024, Applicant applied for a zoning permit to construct a 1-bedroom, 1.5-bathroom home at the Property, accessed by the driveway authorized in 2024-02. Applicant Ex. 2. On September 13, 2024, the Zoning Administrator issued the permit with the condition that Applicant must obtain a Certificate of Occupancy (COO) for the permit within 24 months of the date of the permit, but after Applicant received a COO for Zoning Permit 2024-02. Id.

The Brooks appealed the issuance of Zoning Permit 2024-67 to the DRB. Brooks Ex. A. In their notice of appeal, they raise a number of issues with the driveway approved by Zoning Permit

3

2024-02 and enforcement of alleged zoning violations at the Property. Id. On November 6 2024, the DRB denied the Brooks' appeal. The Brooks subsequently appealed to this Court, stating that they were appealing Zoning Permit 2024-67. See Notice of Appeal (filed Dec. 4, 2024).

An appeal is the exclusive remedy available to parties who wish to contest an act or decision by an administrative officer or development review board. See 24 V.S.A. § 4472(d). A failure to appeal municipal decisions like zoning permits or decisions declining to pursue enforcement binds all parties, and this Court, to the determinations reached therein. Id.; Town of Brattleboro v. Lawrence, No. 132-6-08 Vtec, slip op. at 3 (Vt. Envtl. Ct. Feb. 19, 2010) (Wright, J.). Once a municipal decision is final and binding, parties cannot later challenge, "either directly or indirectly," the contents of the decision. 24 V.S.A. § 4472(d). This is the case even where the municipal decision may be ultra vires or in error. In re Feeley Constr. Permits, Nos. 4-1-10 Vtec, 5-1-10 Vtec, slip op. at 14 (Vt. Envtl. Ct. Jan. 3, 2011) (Wright, J.) (citing City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588-89 (2000); Levy v. Town of St. Albans, 152 Vt. 139, 142 (1989)).

In a zoning permit appeal, the scope of this Court's subject matter jurisdiction and our review is confined to those issues that the municipal panel below addressed or had the authority to address when considering the original application. See e.g., In re Torres, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broaden"); In re Maple Tree Place, 156 Vt. 494, 500 (1991) ("[I]t is beyond [the superior court's] role as an appellate tribunal, even under de novo review standard, to start addressing new issues never presented to the planning commission and on which interested persons have not spoken in the local process"). The Brooks appealed Zoning Permit 2024-67. Thus, this Court's review is limited to whether Applicant's application for Zoning Permit 2024-67 complies with the applicable regulations.

There was no timely appeal of Zoning Permit 2024-02.[2] The only timely appeal before the DRB and now this Court is of Zoning Permit 2024-67. The DRB only had jurisdiction over the issues

---

[2] In response to Applicant's motion to dismiss, the Brooks assert that they appealed Zoning Permit 2024-02 and the Zoning Administrator's June 2024 decision on enforcement when they appealed Zoning Permit 2024-67. While the Brooks may have attempted to appeal or raise issues regarding both decisions, it is undisputed that any attempted appeal was untimely. Failure to timely file a notice of appeal deprives a reviewing body of jurisdiction over that appeal. In re Gulli, 174 Vt. 580, 583 (2002) (citations omitted). Thus, their attempts to appeal in September 2024 were improper and did not result in their appeal of the decisions such that this Court may review their arguments related to either earlier decision in this appeal.

To the extent that they argue that we must allow their untimely appeal as proper under a "manifest injustice" standard set forth in 10 V.S.A. § 8504(b)(2)(C), the Brooks did not raise this issue in their notice of appeal to this Court as required by V.R.E.C.P. 5(b)(3) and did not file a timely motion to raise that claim as required by V.R.E.C.P. 5(d)(2). Thus, they are precluded from claiming such status.

4

raised in Zoning Permit 2024-67 and this Court's review is similarly limited on appeal. Thus, to the extent that any aspect of the amended Statement of Questions seeks to challenge Zoning Permit 2024-02 and the driveway itself, including its issuance, effectiveness, or Applicant's compliance, those issues are not within the scope of this Court's subject matter jurisdiction in this matter and are not before the Court.

Further, and for the same reason, we cannot consider alleged violations related to the driveway permitted by Zoning Permit 2024-02. To the extent that Question 14 addresses the Zoning Administrator's decision not to pursue enforcement, this Question is a collateral attack on that unappealed decision and is therefore outside the scope of our jurisdiction. To the extent that it addresses other activities at the Property, the present appeal is of the issuance of a zoning permit. It is outside the scope of this appeal to require that enforcement actions must be pursued against Applicant. Thus, Question 14 is **DISMISSED**.

Finally, this Court lacks jurisdiction to determine private property rights unless the relevant provisions of statutory or regulatory law specifically require that the Court to make such a determination. See In re Ranney Dairy Farm, LLC, 2024 VT 66, ¶ 9. Question 3 asks the Court to determine whether the project would violate an alleged deed easement right held by the Brooks. This Question is outside the scope of the Court's jurisdiction. While the Brooks have argued that the existence of the easement may be relevant under portions of the regulations defining "non-developable portions of land," they point to no provision of the regulations or statutory law that would allow the Court to go beyond a determination of whether such a relevant easement exists and determine the rights and obligations under its terms. Thus, Question 3 goes beyond the scope of Ranney Dairy and must be **DISMISSED** as being outside the scope of the Court's jurisdiction.

The Court interprets all remaining Questions as addressing whether the application at issue in Zoning Permit 2024-67, for a single-family home, complies with the cited regulations. Therefore, we **DENY** Applicant's motion to dismiss with respect to the remaining Questions. It is unclear to the Court, however, based on the record presented, whether all cited provisions or issues within the Statement of Questions relate to the single-family home application on appeal or instead reach back to the driveway permitted by Zoning Permit 2024-02.[3] To the extent that the regulatory provisions

---

[3] For instance, Question 11 addresses whether Applicant needed a COO for the 2024-02 permit before applying for Zoning Permit 2024-67. To the extent Question 11 addresses compliance with Zoning Permit 2024-02, it is outside the scope of the Court's jurisdiction. Alternatively, to the extent the provision cited in the regulations requires an applicant to close out permits by receiving a COO prior to applying for other permits on their property, such an assertion may be relevant. Further, for example, Question 5 address excavation and other activities in a 5-foot no-build zone. It is unclear to the Court on the record presented in this is related to activities permitted by Zoning Permit 2024-02 or activities within

cited are not related to the scope of the application on appeal, the Court directs Applicant to file a further amended Statement of Questions removing these Question on or before **March 21, 2025.** Electronically signed this 6ᵗʰ day of March 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

the context of the present appeal. The former would be outside the scope of this Court's review, while the latter would be within.